[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
This accelerated appeal comes to us from a judgment issued by the County Court of Fulton County, Eastern Division, on a small claims complaint that alleged poor workmanship in the construction of a garage. Because we conclude that the trial court erred in the exclusion of evidence, we reverse.
Appellant, David Krohn, contracted with appellee, David Yeager, to build appellee's garage. Appellant was hired to build the structure's outside portion; another contractor, Tommy Partin, was hired to drywall the inside. At the end of July 1998, appellant finished his part of the project. On October 13, 1998, Partin or one of his workers hung drywall on the garage's ceiling and finished it with a texture. On November 2, 1998, appellee noticed that the ceiling was sagging and exhibited moisture damage. Appellee notified his insurance company as well as Partin. An adjuster from appellee's insurance company inspected the ceiling and attributed the problem to inadequate ventilation. Partin's insurance company also sent an adjustor who concluded that Partin's work was not defective, but the damage was the result of moisture due to improper ventilation from insulation misplacement. Appellee requested appellant and Partin to fix the moisture problem and pay for repairs. However, appellant and Partin declined to do so, blaming each other for the damages.
Appellee sought relief against both appellant and Partin in small claims court. At trial, appellee presented the two insurance adjustor reports with repair estimates of $1,786.50 and $2,000. Appellee also sought compensation for loss of the garage's use since it was not finished at the projected time. Additionally, appellee claimed reimbursement from appellant for stone which was allegedly not delivered. Partin failed to appear.
Appellant testified that he had responded to appellee's original complaints by bringing in his own expert to inspect the garage. According, to appellant, his expert, who was not present at trial, had pointed out problems with the drywall to Partin, who disclaimed any responsibility for the problem. The trial court, however, would not permit appellant to testify further as to his expert's opinion, stating that what had been said during appellant's inspection was not admissible. Appellant then attempted to submit material from the manufacturer's manual for drywall installation. However, the trial court refused to accept this evidence, stating that it was "not going to sit down and read a book" and would only accept appellant's or his witnesses' testimony. The trial court further commented that it had prior experience with other cases involving "inadequate ventilation causing problems with the drywall" and questioned appellant as to his construction methods.
Ultimately, the court granted judgment for appellee against both appellant and Partin, joint and severally, in the amount of $1,786.50, plus costs and ten percent beginning March 10, 1999.
Appellant now appeals from that judgment, setting forth the following sole assignment of error:
 "THE TRIAL COURT EERED [SIC] BY ALLOWING HEARSAY IN THE FORM OF INSURANCE ADJUSTERS' LETTERS ON BEHALF OF PLAINTIFF, AND THEN NOT ALLOWING A PROFESSIONAL MANUAL ON DRYWALLING ON BEHALF OF THE DEFENDANT."
Generally, the admission or exclusion of evidence is left to the discretion of the trial court. State v. Maurer
(1984), 15 Ohio St.3d 239, 265. Evid.R. 101(C)(8) specifically excludes small claims proceedings from the rules of evidence. InTurner v. Sinha (1989), 65 Ohio App.3d 30, 33, the court discussed the rationale for this rule:
 "Evid.R. 101(C)(8) provides that the Ohio Rules of Evidence are inapplicable to proceedings in the small claims division of a county or municipal court, not merely `relaxed.' The small claims division is a `layman's forum' and a judge or referee, while exercising some discretion, `* * * should not deny a layman justice through the formalistic application of the law of evidence.' Staff Note to Evid.R. 101. However, some reliable evidence is still required in order to prove a claim. Ray v. White (June 29, 1984), Madison App. No. CA84-01-003, unreported, at 7-8, 1984 WL 3371."
Thus, trial courts may permit hearsay evidence in small claims to eliminate undue burdens on the parties either in proving or defending against claims.
However, in this case, we find that the trial court abused its discretion in two respects. First, appellee was permitted to present reports from insurance company adjustors who were not available for cross-examination by appellant. Those letters blamed "inadequate ventilation" for the moisture problems in the garage caused by insulation which had been placed over certain vents in the roof structure. Appellant indicated that he would have liked to question the adjustors as to their conclusions but was prevented from doing so since appellee had not produced them as witnesses in court.
Next, in order to rebut this evidence, appellant tried to offer a portion of a drywall manual, presumably to show that the drywall had been installed incorrectly. Since appellant admitted he had no expertise in drywalling, his only alternative would have been to hire an expert or to subpoena Partin into court in order to prove his position. In our view, when appellee was not required to produce in person expert testimony, to require appellant to do so placed an unfair burden on him. To permit appellee to present hearsay evidence and then to exclude such evidence by appellant was an abuse of discretion.
Appellant also testified that, upon his own inspection, he noted some missing insulation and other areas that had insulation where he had not placed any. Appellee claimed that the insulation had not been altered from the way appellant had placed it. At first blush, this would appear to be an issue of credibility. However, the trial court then went beyond the evidence presented by the parties when it noted that it had previous experience with ventilation in drywall cases.[1]
The court based its determinations, at least in part, upon information regarding the ventilation of other buildings which it had gleaned from prior unrelated cases. This "evidence" was both irrelevant to the present case and indicated the court's presumption that ridge vents are always bad. Appellee had presented nothing to show any defects in the construction design, but rather only that the placement of the insulation was covering certain vents. In our view, the court's comparison of evidence to facts of previous unrelated cases was improper and prejudiced appellant.
Accordingly, appellant's sole assignment of error is well-taken.
The judgment of the County Court of Fulton County, Eastern Division, is reversed as to appellant and remanded for a new trial. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.
[1] The following dialogue is excerpted from the transcript of proceedings:
 "THE COURT: Okay. What kind of ventilation is in this garage?
 "[APPELLANT]: It's a ridge vent, sir, thirty length---thirty foot length all across the ridge.
"THE COURT: Okay.
"[APPELLANT]: It also has soffit vents.
 "THE COURT: Those were the same type I had in the other case. Do you have any roof vents?
 "[APPELLANT]: It's complete ridge vent, sir, not a —
 "THE COURT: You don't have any roof vents, in the roof sealant on the outside for circulation in the attic or the above part?
 "[APPELLANT]: Okay, this is ---it's called a ridge vent.
"THE COURT: I know what a ridge vent is.
 "[APPELLANT]: Instead of having single squares, it's the complete ridge that's open.
 "THE COURT: I understand and they usually get plugged up, the ones I've seen. Okay.
"[APPELLANT]: Well, this being brand new —
 "THE COURT: All right, I'll take the case under advisement and I'll notify the parties of my decision, probably within a week."